IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-322-FL-3
NO. 5:16-CV-377-FL

| | | |
|---|---|---|
| JAMEEL DEQUAN CHAVIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE 125), which challenges petitioner's conviction for possessing a firearm in furtherance of a crime of violence in light of the United States Supreme Court's rulings in Johnson v. United States, 576 U.S. 591 (2015) and United States v. Davis, 139 S. Ct. 2319 (2019). The matter also is before the court on respondent's motion to dismiss (DE 192), which was briefed fully. For the reasons that follow, petitioner's motion is GRANTED and his § 924(c) conviction is vacated, but respondent is allowed 60 days from the date of this order to determine whether to file motion for reinstatement of any charges. Respondent's motion to dismiss is denied.

## BACKGROUND

On February 3, 2010, petitioner pleaded guilty, pursuant to a written plea agreement, to using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). The court sentenced petitioner to 115 months' imprisonment and five years' supervised release. On June 13, 2016, petitioner filed the instant motion to vacate his conviction and sentence pursuant to

28 U.S.C. § 2255. Petitioner alleges the predicate crime supporting his § 924(c) conviction no longer qualifies as a crime of violence under the statute, and he seeks vacatur of the conviction and sentence. The motion was stayed for several years pending resolution of certain cases in the Supreme Court of the United States and the United States Court of Appeals for the Fourth Circuit.

On January 28, 2020, respondent filed the instant motion to dismiss the petition, arguing that petitioner's predicate offense remains a valid crime of violence under United States v. Mathis, 932 F.3d 242 (4th Cir. 2019). Respondent further argues that petitioner's claim is procedurally defaulted. On February 19, 2020, petitioner responded to the motion to dismiss, and, at that time, acknowledged that Mathis "forecloses" relief on his claim.

On October 26, 2020, petitioner filed notice of subsequently decided authority, directing the court's attention to United States v. Taylor, 979 F.3d 203 (4th Cir. 2020). The court directed the parties to file supplemental briefing addressing Taylor. Petitioner now argues that Taylor requires vacatur of his conviction and sentence, notwithstanding Mathis.

**COURT'S DISCUSSION**

A.   Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the

court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B.   Analysis

Pursuant to 18 U.S.C. § 924(c), a person convicted of brandishing a firearm "during and in relation to any crime of violence or drug trafficking crime" is subject to a mandatory minimum punishment of seven years' imprisonment for the first conviction. 18 U.S.C. § 924(c)(1). The sentence shall run consecutive to any sentence imposed for the predicate crime of violence or drug trafficking crime. Id. § 924(c)(1)(A). Section 924(c)(3) defines crime of violence as an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [the "force clause"], or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [the "residual clause"].

Id. § 924(c)(3)(A)-(B).

The Supreme Court has held that § 924(c)(3)(B) is unconstitutionally vague, thereby rendering invalid § 924(c) convictions based on the residual clause definition of crime of violence. United States v. Davis, 139 S. Ct. 2319, 2336 (2019); see also United States v. Simms, 914 F.3d 229, 237 (4th Cir. 2019). The Davis and Simms decisions, however, do not call into question the constitutionality of § 924(c)(3)(A). Thus, if petitioner's predicate offense qualifies as a crime of violence under subsection (c)(3)(A) (the force clause), his conviction remains valid. See Mathis, 932 F.3d at 263-64.

Petitioner's predicate offense is attempted Hobbs Act robbery in violation of 18 U.S.C. § 1951. (DE 7 at 4). The Fourth Circuit has held that <u>attempted</u> Hobbs Act robbery does not categorically qualify as a crime of violence under § 924(c)'s force clause. <u>Taylor</u>, 979 F.3d at 210. Accordingly, under current binding precedent, petitioner's § 924(c) conviction and sentence are illegal.

Respondent acknowledges <u>Taylor</u> renders petitioner's conviction invalid. (<u>See</u> DE 206 at 3). Respondent, however, asks that the court stay further consideration of petitioner's claim pending resolution of the government's petition for writ of certiorari in <u>Taylor</u>.[1] <u>See</u> <u>United States v. Taylor</u>, No. 20-1459 (Apr. 14, 2021).

The court declines to stay this action where petitioner has been released from custody and has nearly completed his term of supervised release. <u>See</u> Fed. Bureau of Prisons, Inmate Locator, https://www.bop.gov/inmateloc/; (<u>see also</u> DE 48 at 3). In this procedural posture, further delay likely will moot petitioner's claim. <u>See, e.g.</u>, <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998); <u>Alston v. Adams</u>, 178 F. App'x 295, 296 (4th Cir. 2016).

Anticipating this result, respondent requests that the court "stay" petitioner's release from custody while it considers whether to reinstate any dismissed count pursuant to 18 U.S.C. § 3296. (DE 206 at 3). As noted above, petitioner has been released from custody. The court also

---

[1] Respondent's supplemental briefing also does not argue that petitioner's claim is procedurally defaulted and the court therefore considers the defense abandoned. Alternatively, the argument is without merit. <u>See</u> <u>Reed v. Ross</u>, 468 U.S. 1, 16 (1984) (discussing exception to procedural default rule where claim was not reasonably available to counsel at the time of direct appeal); <u>United States v. Bennerman</u>, 785 F. App'x 958, 963 (4th Cir. 2019) (holding claim premised on vagueness challenge to § 924(c) was not procedurally defaulted where it was not available to counsel at the time of direct appeal); <u>see also</u> <u>Lassend v. United States</u>, 898 F.3d 115, 122-23 (1st Cir. 2018); <u>Cross v. United States</u>, 892 F.3d 288, 294-96 (7th Cir. 2018); <u>United States v. Snyder</u>, 871 F.3d 1122, 1127 (10th Cir. 2017); <u>United Sates v. Jimenez-Segura</u>, 476 F. Supp. 3d 326, 334-37 (E.D.V.A. 2020).

declines to stay the § 2255 judgment where respondent fails to show good cause for a stay in these circumstances. The court notes that a stay is not required while respondent considers reinstatement of any dismissed charges. See 18 U.S.C. § 3296(a)(4).

## CONCLUSION

Based on the foregoing, petitioner's motion to vacate (DE 125) is GRANTED and the judgment of conviction and sentence dated June 9, 2010, is VACATED. The court ORDERS that petitioner's term of supervised release shall immediately terminate upon entry of this order. Respondent is allowed **60 days** from entry of this order to determine whether to file motion to reinstate any dismissed counts as to petitioner. Petitioner's response to any motion to reinstate dismissed counts is due within **21 days** of service of the motion. Respondent's motion to dismiss (DE 192) is DENIED.

SO ORDERED, this the 20th day of May, 2021.

LOUISE W. FLANAGAN
United States District Judge